UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| TESORO REFINING & MARKETING CO., LLC, | Case No. 3:19-cv-00449-LRH-WGC |
| Plaintiff, | ORDER |
| v. | |
| ALANDDON LLC, DONALD A. LEHR, VALARIE M. LEHR, KIM FIEGEHEN, as Guardian *ad litem* for ALLAN G. FIEGEHEN, | |
| Defendants. | |

Defendants Donald A. Lehr, Valarie M. Lehr, and Kim Fiegehen, as Guardian *ad litem* for Allan G. Fiegehen, have filed a motion to dismiss the second, third, and fourth causes of action within the amended complaint of plaintiff Tesoro Refining and Marketing Company, LLC ("Tesoro"). (ECF No. 19). The other defendant, Alanddon LLC ("Alanddon"), is not party to defendants' motion to dismiss. Tesoro filed a response (ECF No. 23), and defendants timely replied (ECF No. 24). For the reasons stated below, the Court denies defendants' motion in part and grants it in part.

**I. Factual Background and Procedural History**

For the purposes of defendants' motion to dismiss, the factual allegations in Tesoro's first amended complaint are presumed to be true. This case concerns an agreement between defendants and Tesoro for defendants to operate a gas station and associated convenience store. In June 2003, BP West Coast Products LLC ("BPWCP") entered into two separate contracts with Jess Pietrzak for the latter to open an "am/pm" branded minimart and gas station in Carson City, Nevada. (ECF

1

No. 17 at 2; ECF Nos. 19-1, 19-2 at 2).[1] In February 2006, Pietrzak executed a release in favor of BPWCP in connection with his assignment of the June 2003 contracts. (ECF No. 19-2 at 2). Then, in May 2006, BPWCP entered into a contract with Alanddon, Allan Fiegehen, and Donald Lehr for the operation of an "am/pm" branded minimart and gas station at the same Carson City location as Pietrzak's establishment. (ECF No. 19-3 at 2). As part of this contract, BPWCP required the members of Alanddon (Allan Fiegehen and Donald Lehr) and their spouses (Valarie Lehr and Kristine Fiegehen)[2] to enter into guarantee agreements, which were incorporated by reference into the contract. (*Id*.) Under the guarantee agreements, the guarantors (the defendants who filed this motion to dismiss) agreed to be personally liable to BPWCP for any debts or obligations Alanddon might incur in the course of its business relationship with BPWCP. (ECF No. 19-4 at 2–3). They also agreed to pay BPWCP "any and all expenses" incurred by BPWCP in the event it collected a debt owed to it by the guarantors, including attorneys' fees. (*Id*.) Neither guarantee agreement contained any temporal limitation or expiration date.

In September 2006, Pietrzak assigned his interests in the June 2003 agreements to Alanddon. (ECF No. 19-5 at 2). This assignment included a provision stating that the June 2003 agreements would not be "extended beyond the expiration date contained in said agreements," which, for the minimart agreement, was anticipated to be July 1, 2018. (*Id*.; ECF No. 19 at 3). In August 2012, Tesoro acquired certain assets of BPWCP, including the June 2003 agreements and the May 2006 guarantee agreements. (ECF No. 17 at 3). There was little relevant activity among the parties until August 15, 2018, when Donald Lehr emailed Tesoro[3] to inform it that Alanddon wished to "debrand [sic] the ampm and keep the ARCO only" upon expiration of the Alanddon/Tesoro contract on August 31, 2018. (ECF No. 19-6 at 2). Accordingly, on that date, Tesoro and Alanddon entered into the "Arco Retail Sales Agreement," whereby Alanddon would

---

[1] When ruling on a motion to dismiss, a court can consider, in addition to facts alleged in the complaint and documents attached to it, documents relied upon but not attached to the complaint when their authenticity is not contested. *In re Western States Wholesale Natural Gas Antitrust Litigation*, 633 F.Supp.2d 1151, 1168 (D. Nev. 2007). Here, neither party has challenged the authenticity of the various contracts, other business documents, and correspondences attached to defendants' motion to dismiss and Tesoro's response, so the Court will consider them as part of defendants' motion.

[2] Tesoro voluntarily dismissed Kristine Fiegehen without prejudice in October 2019. (ECF No. 15).

[3] Defendants indicate that Tesoro is now referred to as "Andeavor." (ECF No. 19 at 4, n. 3). For clarity, the Court will continue to refer to the plaintiff as Tesoro.

operate an Arco-branded minimart and gas station. (ECF No. 23-1). The August 2018 agreement included a provision that stated the agreement "is not to be reformed, altered, or modified in any way by any practice or course of dealing during or prior [to the agreement]. . .or by any representations, stipulations, warranties, agreement or understandings…except as fully and expressly set forth herein." (*Id*. at 28). A separate provision provided that the agreement "set[s] forth the entire agreement between the Parties and fully supersede[s] any and all prior agreements, representations, promises[,] or understandings between the Parties." (*Id*. at 29).

Tesoro alleges that on January 23, 2019, Alanddon stopped offering gasoline for sale to the public, and on the following day, closed its minimart and gas station. (ECF No. 17 at 3). In February 2019, Tesoro issued a notice of default and a formal notice that it was terminating the August 2018 agreement. (*Id*.) Tesoro subsequently filed its first complaint on August 2, 2019, alleging four causes of action: (1) breach of contract against Alanddon; (2) breach of contract against the guarantors; (3) tortious interference with contractual relations against the guarantors, and (4) a declaration that defendants violated the various agreements they signed with Tesoro. (ECF No. 1). Tesoro amended its complaint on November 15, 2019, which did not add any new causes of action but rather substituted defendants. (ECF No. 17). Now pending before the Court is the guarantor defendants' motion to dismiss Tesoro's second, third, and fourth causes of action against them.

**II. Legal Standard**

Defendants seek dismissal pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which relief can be granted. To survive a motion to dismiss for failure to state a claim, a complaint must satisfy Federal Rule of Civil Procedure 8(a)(2)'s notice pleading standard. *See Mendiondo v. Centinela Hosp. Med. Ctr.*, 521 F.3d 1097, 1103 (9th Cir. 2008). That is, a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The Rule 8(a)(2) pleading standard does not require detailed factual allegations; a pleading, however, that offers " 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action' " will not suffice. *Ashcroft v. Iqbal*, 556 U.S. 662, 677 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).

3

Furthermore, Rule 8(a)(2) requires a complaint to "contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.' " *Iqbal*, 556 U.S. at 667 (quoting *Twombly*, 550 U.S. at 570). A claim has facial plausibility when the pleaded factual content allows the court to draw the reasonable inference, based on the court's judicial experience and common sense, that the defendant is liable for the misconduct alleged. *Id*. "The plausibility standard is not akin to a probability requirement, but it asks for more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief. *Id*.

In reviewing a motion to dismiss, the court accepts the facts alleged in the complaint as true. *Iqbal*, 556 U.S. at 667. Even so, "bare assertions. . .amount[ing] to nothing more than a formulaic recitation of the elements of a. . .claim. . .are not entitled to an assumption of truth." *Moss v. U.S. Secret Serv.*, 572 F.3d 962, 969 (9th Cir. 2009) (quoting *Iqbal*, 556 U.S. at 681) (brackets in original) (internal quotation marks omitted). The court discounts these allegations because "they do nothing more than state a legal conclusion—even if that conclusion is cast in the form of a factual allegation." *Id.* (citing *Iqbal*, 556 U.S. at 681.) "In sum, for a complaint to survive a motion to dismiss, the non-conclusory 'factual content,' and reasonable inferences from that content, must be plausibly suggestive of a claim entitling the plaintiff to relief." *Id*.

### III. Discussion

Defendants have requested the Court dismiss Tesoro's second, third, and fourth causes of action against them. The Court will examine each of defendants' arguments in turn.

### A. Tesoro's Claim for Breach of Contract

Defendants argue that because they are not parties to the August 2018 agreement, they cannot possibly have breached it and thus cannot be liable for breach of contract. (ECF No. 19 at 6). They also assert that that because the August 2018 agreement makes "no mention of any prior agreement by the parties," the May 2006 guarantee agreements signed by the guarantor defendants do not apply to it. (*Id*.) There are four elements to a breach of contract claim: (1) formation of a valid contract; (2) performance or excuse of performance by plaintiff; (3) material breach by the

4

defendant, and (4) damages. *Laguerre v. Nev. Sys. of Higher Educ.*, 837 F.Supp.2d 1176, 1180 (D. Nev. 2011). Defendants are attacking the first element, arguing that there is no valid contract between Tesoro and themselves. The starting point for the interpretation of any contract is with its plain language. *McDaniel v. Sierra Health and Life Ins. Co., Inc.*, 53 P.3d 904, 906 (Nev. 2002). If the terms of the contract are plain and unambiguous, the words of the contract must be taken in their usual and ordinary significance. *Dickenson v. Nevada*, 877 P.2d 1059, 1061 (Nev. 1994). On the other hand, if the terms of a contract are ambiguous, the contract will be construed against the drafter. *Williams v. Waldman*, 836 P.2d 614, 619 (1992). The presumption is that the drafter of the contract will bear the consequences of any ambiguities. *Id.*

The flaw with defendants' argument is that Tesoro is not arguing that they breached the 2018 August agreement. As defendants recognize, a plain reading of the August 2018 contract shows that the only two parties to it are Tesoro and Alanddon. (ECF No. 23-1 at 2). Instead, Tesoro argues that defendants breached the May 2006 guarantee agreements, which obligated defendants to cover any debts Alanddon might incur in its business dealings with Tesoro's predecessor in interest. (ECF No. 23 at 5; ECF No. 17 at 5). Although defendants argue that May 2006 guarantee agreements were not explicitly renewed in the August 2018 contract, (ECF No. 19 at 6), a review of the May 2006 guarantee agreements reveals no language that limits their scope or duration. In those agreements, defendants agreed to be personally liable to BPWCP (now Tesoro) for any debts arising out of any current or "hereafter existing" obligations Alanddon owed to BPWCP. (ECF No. 19-4 at 2). There no temporal limitations within either guarantee agreement, nor are there any restrictions on the total liability that defendants may be required to cover. (*Id.*) Defendants point to a provision within the August 2018 agreement that states that the contract sets forth the entire contract between the parties, explicitly superseding any prior agreement. (ECF No. 19 at 6). But the August 2018 agreement, as stated above, is only between Tesoro and Alanddon, not the guarantor defendants. Accordingly, the Court finds that there are sufficient factual allegations within Tesoro's complaint and the documents in the record to support a finding that a valid contract exists between Tesoro and the guarantor defendants.

///

Tesoro's complaint also provides sufficient factual allegations to support the other elements of its breach of contract claim. Tesoro has alleged that it complied with all of its obligations under the 2006 May guarantee agreements, the guarantor defendants have not satisfied the debts that Alanddon owes to Tesoro following Alanddon's January 2019 breach, and that as a result of the guarantor defendants' failure to pay on behalf of Alanddon, Tesoro has suffered damages. (ECF No. 17 at 5). Moreover, defendants do not challenge the sufficiency of any of other elements of a breach of contract claim besides the existence of a valid contract. The Court will accordingly deny defendants' motion to dismiss the second cause of action against them.

### B. Tesoro's Claim for Tortious Interference with Contractual Relations

Next, defendants request that the Court dismiss Tesoro's third claim for intentional interference with contractual relations. Under Nevada law, a claim for intentional interference with contractual relations has five elements: (1) a valid and existing contract; (2) the defendant's knowledge of the contract; (3) intentional acts intended or designed to disrupt the contractual relationship; (4) actual disruption of the contract, and (5) resulting damage. *Chocolate Magic Las Vegas LLC v. Ford*, 337 F.Supp.3d 950, 961 (D. Nev. 2018). Defendants first argue that regarding defendant Valarie Lehr, Tesoro has failed to allege any facts demonstrating that she knew of the August 2018 agreement between Tesoro and Alanddon. (ECF No. 19 at 8). And as for defendants Donald Lehr and Allan Fiegehen, defendants argue that because they were acting within the scope of their duties as members of their LLC, Alanddon, they cannot be held liable, as a matter of law, for interfering with Alanddon's contracts. (*Id*. at 8–9).

Turning first to Valarie Lehr, the Court agrees with defendants that Tesoro has failed to allege facts sufficient to demonstrate that she knew of the August 2018 agreement between Tesoro and Alanddon. Tesoro only alleges that "[o]n information and belief, Tesoro alleges that Guarantors had knowledge of the 2018 Agreement between Tesoro and Alanddon." (ECF No. 17 at 5). Despite Tesoro's assertions to the contrary (ECF No. 23 at 8), the statement within its amended complaint is a legal conclusion, not a factual allegation. It merely restates one of the elements of the tort, which is insufficient to survive a motion to dismiss. *See Ashcroft v. Iqbal*, 556 U.S. 662, 681 (2009) ("[f]ormulaic recitation of the elements" of a claim are insufficient to

overcome a motion to dismiss). Unlike Donald Lehr and Alan Fiegehen, who were both members of Alanddon, there is no evidence to indicate that Valarie Lehr had any part in negotiating the deals between Tesoro and Alanddon. Rather than dismissing Tesoro's third cause of action against Valarie Lehr outright, the Court will give it an opportunity to amend its complaint. Federal Rule of Civil Procedure 15(a) allows for a court to grant a party leave to amend a complaint "when justice so requires" because the rule's underlying purpose is to facilitate decisions on the merits rather than pleadings or technicalities. *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000) (en banc). Leave to amend should only be denied if allowing the amendment would unduly prejudice the opposing party, cause undue delay, be futile, or if the moving party has acted in bad faith. *Leadsinger, Inc. v. BMG Music Publ'g*, 512 F.3d 522, 532 (9th Cir. 2008). There has been no showing of such an exception here.

The question of whether Tesoro has stated a cause of action against Donald Lehr and Allan Fiegehen is more complicated. Defendants argue that because Donald Lehr and Allan Fiegehen were acting within the scope of their authority as members of Alanddon, an LLC, they cannot be found liable as a matter of law for interfering with Alanddon's contracts. (ECF No. 19 at 9). In Nevada, it is well-settled that a party cannot tortuously interfere with its own contract, and agents acting within the scope of their employment do not constitute intervening third parties. *Blanck v. Hager*, 360 F.Supp.2d 1137, 1154 (D. Nev. 2005). Defendants' argument, however, is more appropriate for a summary judgment motion, not a motion to dismiss. If defendants' argument is correct, then whether Donald and Allan Fiegehen can be held liable for intentional interference with contractual relations turns on whether they were acting within the scope of their employment as members of Alanddon. Under Nevada law, whether an employee was acting within the scope of his employment is generally a question of fact that must be decided by a jury. *Ray v. Value Behavioral Health, Inc.*, 967 F.Supp. 417, 420 (D. Nev. 1997). Courts can only typically resolve the issue as a matter of law when there are no disputed facts. *Grantham v. Durant*, 471 F.Supp.2d 1069, 1074 (D. Nev. 2006). At this stage in the proceedings, the Court lacks sufficient information to determine whether Lehr and Fiegehen were acting within the scope of their employment with

Alanddon. Defendants' motion to dismiss the third cause of action against Lehr and Fiegehen will be denied.

### C. Tesoro's Claim for Declaratory Relief

Finally, defendants request dismissal of Tesoro's fourth cause of action, a declaration that all defendants have breached an agreement they had with Tesoro. (ECF No. 19 at 10). Under Nevada law, declaratory relief is available only if: (1) a justiciable controversy exists between persons with adverse interests, (2) the party seeking declaratory relief has a legally protectable interest in the controversy, and (3) the issue is ripe for judicial determination. *County of Clark, ex rel. University Medical Center v. Upchurch*, 961 P.2d 754, 756 (Nev. 1998). Defendants argue, in effect, that because Tesoro has no valid breach of contract claim against them, any cause of action for declaratory relief must fail as a matter of law. (ECF No. 19 at 10). The Court will deny defendants' motion to dismiss this claim because the Court has previously found that Tesoro pleaded a valid breach of contract cause of action against the guarantor defendants, and therefore, Tesoro has a valid declaratory judgment claim.

### IV. Conclusion

IT IS THEREFORE ORDERED that defendants' motion to dismiss (ECF No. 19) is **GRANTED IN PART AND DENIED IN PART**. Defendants' motion is denied in all aspects except regarding defendant Valarie Lehr in Tesoro's third cause of action for tortious interference with contractual relations.

IT IS FURTHER ORDERED that Tesoro has thirty (30) days from the entry of this order in which to amend its complaint.

IT IS SO ORDERED.

DATED this 31st day of March, 2020.

_____
LARRY R. HICKS
UNITED STATES DISTRICT JUDGE